**LONE STAR CEMENT CORPORATION,**
Appellant,

v.

**B. W. RUSH, Appellee.**

No. 17449.

Court of Civil Appeals of Texas,
Dallas.

June 12, 1970.

Rehearing Denied July 10, 1970.

Neil Davidson, Hartnett, Curry & Davidson, Irving, for appellant.

Royal H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellee.

BATEMAN, Justice.

The appellant Lone Star Cement Corporation brought this suit on what is termed a "verified account" against B. W. Rush and Lonnie R. Chant, individually and d/b/a Rush-Chant, Inc. On June 10, 1966 the trial court rendered a judgment in which the defendant is recited as "B. W. Rush, d/b/a Rush-Chant, Inc.," reciting that said defendant was duly and legally cited but failed to appear and answer, and awarding appellant a default judgment for the amount of the account sued on, with interest, attorney's fees and costs. However, on May 24, 1966 the appellee B. W. Rush had filed an answer consisting of a general denial. On July 12, 1966 (32 days after the default judgment) he filed his motion for new trial complaining of the rendition of default judgment against him when he had an answer on file. On July 20, 1966 appellant filed a motion to strike said motion for new trial because it was not timely filed, but neither the motion for new trial nor the motion to strike the same was ever presented to the trial court, and no order was made concerning either of them.

Approximately three years later, on July 16, 1969, appellee filed a motion for entry of judgment *nunc pro tunc* to correct the "mistake, omission, and clerical error," of the court in failing to recite, in the judgment of June 10, 1966, that a written answer had previously been filed on behalf of appellee and that the same had been stricken on motion as being untimely filed prior to the entry of the default judgment. The trial court granted the motion and rendered a nunc pro tunc judgment on October 23, 1969, in substantially the same phraseology as the former judgment, but omitting these words which appeared in the judgment of June 10, 1966:

"Defendant though duly and legally cited and service being in all things complete, failed to appear and answer herein,"

and substituting therefor the following:

"Defendant having been duly and legally served and having filed a written Answer herein on May 24, 1966, but said Answer having been set aside by the Court on motion of the Plaintiff because said Answer was not timely filed and the Defendant being in default," etc.

Both parties timely filed written notices of appeal from that judgment, and on November 12, 1969 appellant filed its appeal bond, thus perfecting its appeal from the *nunc pro tunc* judgment. Thereafter, on November 13, 1969, appellee filed an amended motion for new trial in which he moved that the *nunc pro tunc* judgment "and all other judgments heretofore entered and preceding the filing of this amended motion be set aside and held for naught," and that he be granted a new trial. This amended motion for new trial was sustained by the trial court on November 17, 1969.

■ We are of the opinion that the appeal must be dismissed because the entire cause was dismissed by the trial court prior to the rendition of the June 10, 1966 judgment. On May 16, 1966, according to the transcript filed herein by appellant, the trial court entered the following order:

"On this 16th day of May, 1966, the plaintiff acting by and through his attor-

ney, in open court, requested leave to take a non-suit, and it appearing to the Court that such request is well taken and that such leave should be granted,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this cause be, and the same is hereby dismissed without prejudice to the right of plaintiff to refile same; and the costs hereof are hereby taxed against plaintiff, for which execution may issue."

That order does not appear to have been modified or set aside and apparently no attempt was made to have it modified or set aside. It is our opinion that there was no suit pending between the parties when the court attempted to render the judgment of June 10, 1966, and if that be true it follows that no suit was pending when the *nunc pro tunc* judgment was entered or when the amended motion for new trial was granted.

Appellant contends that the purpose and effect of the order last above quoted was to allow it to take a non-suit against the defendant Lonnie R. Chant only, leaving the case pending as against the other defendant, B. W. Rush, and calls our attention to the facts that the instrument was endorsed "DISMISSAL OF ACTION AGAINST LONNIE R. CHANT, IND. (ONLY)" and that whereas the number and style of the case itself was:

"NO. 66–3482–E

LONE STAR CEMENT CORPORATION  Plaintiff

VS.

B. W. RUSH AND LONNIE R. CHANT, IND. AND d/b/a RUSH-CHANT, INC.  Defendant"

the number and caption of the order last quoted above is shown as:

"NO. 66–3482–E

LONE STAR CEMENT CORPORATION

vs.

LONNY R. CHANT INDIVIDUALLY (only)"

and that the entry on the trial court's docket sheet shows as the first order therein: "5/16/66 Plf takes nonsuit vs. Lonnie R. Chant." Beneath this entry, in a different, unidentified hand, is written the word "only."

■ However, entries on the court's docket sheet are not part of the official record of a case and cannot properly be adverted to for the purpose of modifying or changing the plain effect of the order actually signed by the judge and entered, under his authority in the minutes of the court. Stein v. Boehme, 302 S.W.2d 663, 665 (Tex.Civ.App., Eastland 1957, no writ); Boothe v. Durrett, 343 S.W.2d 553, 555 (Tex.Civ.App., Amarillo 1961, writ ref'd n. r. e.). The judgment entered is the best evidence of the judgment rendered, General Exchange Ins. Corp. v. Appling, 144 S.W.2d 699, 701 (Tex.Civ.App., El Paso 1940, no writ), and this in our opinion is not affected by the use of an incorrect style of the case on the endorsement appearing on the form of judgment signed by the judge and in the minutes of the court immediately preceding the judgment.

■ Should we be mistaken in our judgment of the effect of the order of May 16, 1966, we would be compelled to reverse the *nunc pro tunc* judgment of October 23, 1969. The authority of a trial court to render a *nunc pro tunc* judgment after the time for appeal from the former judgment has expired is limited to the correction of clerical errors or omissions in the former judgment. For that purpose the court may render such a judgment at any time. If the nature of the error is judicial, however, the court has no such authority. Finlay v. Jones, 435 S.W.2d 136, 138 (Tex. 1968); Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex.1970); Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819 (1936). We are of the opinion that the error in question here was of the latter quality and that the defendant, having waived his right to appeal from the former judgment, could not "enlarge the time for

perfecting an appeal by the simple device of entering a second judgment." Davila v. Caller Times Publishing Co., 308 S.W.2d 592, 594 (Tex.Civ.App., San Antonio 1957, no writ). This is the substance of appellant's three points of error on appeal, and if we thought we had jurisdiction to do so we would sustain all three of those points and hold that the trial court was without power or authority to render the *nunc pro tunc* judgment or to sustain the appellee's amended motion for new trial.

But, being of the opinion that the order of dismissal dated May 16, 1966 was a final judgment as to all parties, we hold that there is nothing properly presented for review and dismiss the appeal on our own motion. We do not think we have jurisdiction to do otherwise.

Appeal dismissed.