Wajih ABU–AHMAD and Agatha
Abu–Ahmad, Appellants,

v.

SHADOWBROOK APARTMENTS, Pace
Realty, Inc., and State Federal Savings
and Loan Association of Lubbock, Appellees.

No. 2–88–268–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 30, 1989.

Parkhill, Parkhill, Cowden & Runge, P.C., David C. Cowden and Henry Parkhill, Grand Prairie, for appellants.

Touchstone, Bernays, Johnston, Beall & Smith, Sidney H. Davis, Jr., Dallas, for appellees.

Before WEAVER, C.J., and
KELTNER and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

This case involves the question of whether an order of dismissal, following a motion for non-suit as to one defendant, had the effect of dismissing other defendants in the case. Appellants, Wajih Abu–Ahmad and Agatha Abu–Ahmad, filed this suit on February 22, 1988, to recover personal injury damages against four defendants, namely, Shadowbrook Apartments, Pace Realty, Inc., Elcor Property Corp., and State Federal Savings and Loan Association of Lubbock. On August 10, 1988, appellants filed a motion for non-suit seeking dismissal of the case against one of the defendants, Elcor Property Corp. The order signed by the trial court on August 11, 1988, in response to such motion, ordered that the suit be dismissed without prejudice by reason of the non-suit. Such order did not specifically limit the dismissal to include only the defendant Elcor Property Corp. The other three defendants, being the appellees in this appeal, claim that the order had the effect of dismissing the case as to all of the defendants.

No motion for new trial or appeal bond was filed within thirty days after the dismissal order was signed on August 11, 1988. On November 17, 1988, appellants filed a motion for judgment *nunc pro tunc* asking the trial court to amend or correct the dismissal order so as to reflect that the non-suit was taken only as to Elcor.

In his order of December 2, 1988, and following a hearing on the motion, the trial court denied the motion for judgment *nunc pro tunc* on the basis that the court was without jurisdiction to act because the or-

der of dismissal dated August 11, 1988, had become a final judgment and because the corrections sought by appellants involved a judicial error and not a clerical error which would have been correctable *nunc pro tunc.*

Appellants bring four points of error contending that the court erred in ruling (1) that the omission in the dismissal order was a judicial error thereby precluding judgment *nunc pro tunc,* (2) that the judgment was rendered when the order of dismissal was signed, (3) that the recorded judgment correctly stated and reflected the judgment rendered, and (4) that it had no jurisdiction to modify, alter, or amend the judgment in this case.

Each of the briefs submitted to us is limited primarily to discussions regarding the trial court's refusal to enter a *nunc pro tunc* judgment and whether the omission in the order of dismissal, of language specifically limiting the same to the defendant Elcor, was a clerical or judicial error. We are of the opinion that this appeal can be disposed of without reaching the *nunc pro tunc* questions, and before addressing that subject we feel that we should first determine the effect to be given to the dismissal order by the application of general construction principals.

The supreme court, under a very similar fact situation, has previously addressed the effect of a dismissal order following a non-suit where the body of the order, as here, purported to dismiss an entire action, and where, as here, the non-suit was intended only as to one of the defendants. *Lone Star Cement Corp. v. Fair,* 467 S.W.2d 402 (Tex.1971). In that case, Lone Star sued two defendants, Rush and Chant. Lone Star then took a verbal non-suit as to Chant, and on May 16, 1966, the trial court signed the disputed dismissal order which Rush claimed also dismissed the case as to him. *Id.* at 403.

After further proceedings in that case, which we will not list in detail, the trial court, on October 23, 1969, granted Rush a judgment *nunc pro tunc* to correct a default judgment rendered against him on June 10, 1966. *Id.* On November 17, 1969,

the trial court entered an order granting Rush a new trial. *Id.* at 404. Lone Star then appealed that case to the court of appeals. *Lone Star Cement Corp. v. Rush,* 456 S.W.2d 547 (Tex.Civ.App.—Dallas 1970, writ ref'd n.r.e.). It is not clear whether the effect of the dismissal order of May 16, 1966, was urged by Rush on that appeal, but the Dallas court dismissed the appeal on the court's own motion and held that the order of dismissal of May 16, 1966, was a final judgment as to all parties and that nothing was properly presented for review (which holding was rejected by the supreme court as discussed below). *Id.* at 550.

That case was appealed to the supreme court which refused to grant a writ of error with the notation "no reversible error," and while a motion for rehearing on that ruling was pending, the supreme court granted leave to Lone Star to file a petition for writ of mandamus on the question of the *nunc pro tunc* judgment entered by the trial court. *Lone Star v. Fair,* 467 S.W.2d at 404. In that original proceeding, brought in the supreme court almost five years after the dismissal order was entered, the supreme court held that such dismissal order was effective as to Chant only. *Id.* at 405.

The opinions by both the court of appeals and the supreme court in *Lone Star* devote much space to the subject of *nunc pro tunc* judgments. However, these discussions pertain only to the *nunc pro tunc* judgment entered by the trial court in attempting to correct the default judgment taken by Lone Star on June 10, 1966, and nowhere are such discussions germane to the construction and interpretation of the dismissal order. We were cited no cases and we find no cases where correction of an order of dismissal entered pursuant to a non-suit was sought by a *nunc pro tunc* judgment. Therefore, our initial holding concerning the effect of the dismissal order is made without a distinction as to whether any irregularities or omissions in the order of dismissal and related documents were judicial or clerical errors.

In *Lone Star v. Fair*, 467 S.W.2d 402, the supreme court held that the dismissal order was ambiguous because the caption supported the contention that only one party was being dismissed while the body of the order purports to dismiss an entire cause, and held that such order may generally be construed in light of the motion upon which it was granted. *Id.* at 404. In that case the non-suit was announced orally in open court and there was no written motion for non-suit as we have here. The supreme court went on to say that the same rules of interpretation apply in construing the meaning of a court order or judgment as in ascertaining the meaning of other written instruments, that the entire contents of the instrument and record should be considered, and that the court should follow a reasonable construction placed on the instrument by the parties involved. *Id.* at 405–06.

We find that the guidelines expressed by the supreme court in *Lone Star* are applicable to our construction of the dismissal order before us, particularly since the language of that order ties it to the motion for non-suit. In determining the effect of such order we will consider the order, the underlying motion for non-suit, and the entire record.

The body of the motion for non-suit filed by appellant in the case now before us reads as follows:

NOW COMES WAJIH ABU–AHMAD and AGATHA ABU–AHMAD, Plaintiffs and move this Court for an order dismissing this case against Defendant ELCOR PROPERTY CORP., and in support thereof shows:

I.

Plaintiffs no longer desire to prosecute this suit against Defendant ELCOR PROPERTY CORP.

WHEREFORE, Plaintiffs request this Court to enter an order dismissing this suit without prejudice. All costs of court shall be taxed against Plaintiffs.

Respectfully submitted,

The body of the order of dismissal signed by the trial court on August 11, 1988, is as follows:

ORDER

ON THIS, the _____ day of _____, 1988, came on to be heard the above-styled and numbered cause, and came the Plaintiffs by and through their attorney of record and announced to the Court that the Plaintiffs desire to take a non-suit on the above entitled and numbered cause.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED by the Court that said suit be dismissed without prejudice by reason of said non-suit.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all costs of court be taxed against the Plaintiffs.

[signature]
JUDGE PRESIDING

At the hearing on the motion for *nunc pro tunc* judgment in this case on December 2, 1988, Donna Matheney, the legal secretary of appellants' attorney, testified that she prepared the non-suit motion and proposed order at the direction of the attorney, that she was directed to prepare the non-suit only as to Elcor Property Corp., that she presented the motion, proposed order, and a cover letter to appellants' attorney, Henry Parkhill, who signed the motion and cover letter and returned the papers to her, that she mailed them to the clerk, that when the signed copy of the order was received from the clerk Parkhill was on vacation, and that she placed the order in the case file without Parkhill having seen it.

Parkhill testified that Elcor's attorney had repeatedly requested that his client be dismissed from the suit because it was not connected to the property upon which the asserted cause of action arose. When Parkhill was satisfied that Elcor had no responsibility, he agreed to non-suit Elcor. Prior to that time, a deposition of an employee of defendant Pace Realty, Inc. had been scheduled for September 1, 1988. At the appointed time, the opposing attorney, Wade Smith, failed to appear with his client

and, upon inquiry, Parkhill was informed Smith had been called out of town. When efforts to reschedule that deposition were met with representations that Smith would be unavailable for the remainder of the year, Parkhill then noticed three other persons for depositions scheduled for November 4, 1988. On November 3rd he was notified by Smith's office that his file had been closed because the case had been dismissed. Parkhill admitted reviewing and signing the motion and cover letter requesting the judge to sign the proposed order but could not recall whether he reviewed the proposed order.

■ A motion's substance is not to be determined by its caption, but from its body and prayer of relief. *Woodruff v. Cook*, 721 S.W.2d 865, 869 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (opinion on reh'g). In the body of the motion for non-suit the appellants moved the court for an order dismissing this case against defendant Elcor Property Corp. It then states, in support of such motion, that plaintiffs no longer desire to prosecute this suit against defendant Elcor Property Corp. The prayer states that appellants request the court to enter an order dismissing this suit without prejudice. Considering the language of the body and the prayer for relief together, we find that the appellants intended to non-suit only the defendant Elcor Property Corp., and that the filing of the motion constituted a non-suit as to that defendant only.

■ Appellants had an absolute unqualified right to take a non-suit as to all or any of the defendants. *Benavides v. Garcia*, 687 S.W.2d 397, 398 (Tex.App.—San Antonio 1985) (orig. proceeding); TEX.R.CIV.P. 162, 163. The supreme court has held that the granting of a non-suit is merely a ministerial act, that the appellant's right thereto exists from the moment a written motion is filed, and that any lower court opinions that have imposed requirements other than the mere filing of the motion with the clerk or oral announcement in open court are now disapproved. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982) (per curiam). The record reflects that appel-

lants' motion for non-suit was filed with the clerk at 10:15 on August 10, 1988, and under the ruling in *Greenberg* their rights thereto existed as of that moment. The order of dismissal states that "came the Plaintiffs by and through their attorney of record *and announced to the Court* that the Plaintiffs *desire to take a non-suit* on the above entitled and numbered cause." [Emphasis added.] The order is further tied to the motion for non-suit by the language ordering "that said suit be dismissed without prejudice *by reason of said non-suit."* [Emphasis added.] The record further reflects that the only announcement of appellants' desire to take a non-suit, which the trial court could have had before it when the order was signed, was the motion for non-suit filed by appellants the previous day. In construing the effect of that order we are also compelled to consider it in connection with the announcement made to the court as referred to in such order, being the motion for non-suit. We hold that the only effect of the order of dismissal was to evidence the non-suit requested in the announcement.

■ In order for a judgment to be valid, it must be one that the court, by reason of the law and the facts, was authorized to render. 47 TEX.JUR.3d *Judgments* sec. 81 (1986). *See Freeman v. Freeman*, 160 Tex. 148, 327 S.W.2d 428, 433 (1959); *Harrison v. Barngrover*, 72 S.W.2d 971, 975 (Tex.Civ.App.—Beaumont 1934, writ ref'd), *cert. denied*, 294 U.S. 731, 55 S.Ct. 639, 79 L.Ed. 1260 (1935). Dismissal of a case is not proper on the court's own motion. *Gleason v. Coman*, 693 S.W.2d 564, 567 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). An order dismissing the plaintiff's action on the defendant's non-suit is void. *Brown v. Moore*, 709 S.W.2d 10, 12 (Tex.App.—Houston [14th Dist.] 1986) (orig. proceeding). In the instant case, any right or authority which the trial court had to dismiss any of the defendants arose solely from the filing of the motion for non-suit filed by appellants. Since the motion for non-suit applied only to Elcor, the trial court was without authority or power to dismiss the case as to the appellees.

Since we have held that the motion for non-suit constituted a non-suit as to Elcor only, and since appellants' right to the non-suit existed at the time of the filing of the motion on August 10, 1988, we find that the granting of the motion was not discretionary with the trial court, that the signing of the order of dismissal required no rendition or exercise of judgmental office on behalf of the trial court, and was a ministerial act only. Accordingly, we hold that the dismissal order had the effect of dismissing the lawsuit as to Elcor Property Corp. only, that the trial court had no authority to dismiss the lawsuit as to the other defendants, that the dismissal order did not effectively dismiss the appellees from the lawsuit, and that to the extent that it may have purported or attempted to dismiss this case as to the appellees such order is void.

■■■ As stated above, we feel that it is not necessary to address the questions relating to the denial of the *nunc pro tunc* judgment in order to dispose of this case. If we are in error in construing the dismissal order as not dismissing the appellees from the lawsuit, as announced above, then we hold that the error in the order of dismissal, in not specifically limiting the dismissal to Elcor Property Corp. only, was, under these circumstances, a clerical error.

Among the findings of fact made by the trial court are the following:

### VIII.

The Court, in signing the Order of Dismissal, intended to dismiss the entire case just as the Order directed. This fact is reflected by the Court's entry of "Dismissal Per Order MDS" on the docket sheet in this cause.

### IX.

The judgment rendered by the Court dismissed the entire cause in accordance with the Order submitted by the attorney for Plaintiffs.

The trial court also filed the following conclusions of law:

### I.

This Court rendered judgment when it signed the Order of Dismissal on August 11, 1988.

### II.

The judgment recorded correctly stated and reflected the judgment rendered by the Court.

### III.

No clerical error was made in the record of the judgment.

### IV.

This Court is without jurisdiction to modify, alter or amend the judgment in this cause.

Some of these findings and conclusions are urged by appellees in support of their contention that the error in the dismissal order was judicial rather than a clerical error, thereby prohibiting the granting of the *nunc pro tunc* judgment. We are not bound by these findings and conclusions. Whether an error is clerical or judicial is a matter of law, and the trial court's findings or conclusions as to the nature of an error are not binding on an appellate court. *Wood v. Griffin & Brand,* 671 S.W.2d 125, 128 (Tex.App.—Corpus Christi 1984, no writ). In *Johnson v. J.W. Const. Co.,* 717 S.W.2d 464 (Tex.App.—Fort Worth 1986, no writ), this court held that TEX.R.CIV.P. 296, providing that the judge is to state in writing his findings of fact and conclusions of law, is not applicable to postjudgment proceedings. *Johnson,* 717 S.W.2d at 467–68. We hold that the expressed intentions of the trial court in signing the order, as stated in his findings, are not controlling and are not binding on this court.

A trial court has the power to correct clerical errors in its judgments, either during or after the term at which the judgment was entered. *Conmark Equip., Inc. v. Harris,* 595 S.W.2d 145, 147 (Tex.Civ. App.—Tyler 1980, no writ); TEX.R.CIV.P. 316. Clerical errors in the entry of judg-

ment may be subsequently corrected by judgment *nunc pro tunc*. Judicial errors in the rendition of judgment may not be corrected by a *nunc pro tunc* proceeding. *Wood,* 671 S.W.2d at 128.

We agree with the appellees' contention that if the omission in the order, of the language limiting the dismissal to Elcor only, was a judicial error that the trial court lost jurisdiction to correct the same by a *nunc pro tunc* order after thirty days from the date the order was signed. In support of their claim that the omission of language in the dismissal order limiting the dismissal to Elcor only was a judicial error, not correctable by a *nunc pro tunc* order, the appellees cite the following cases, all of which involve dismissals for want of prosecution. *Universal Underwriters Ins. Co. v. Ferguson,* 471 S.W.2d 28 (Tex.1971); *Love v. State Bank & Trust Co.,* 126 Tex. 591, 90 S.W.2d 819 (1936); *Stuart v. City of Houston,* 419 S.W.2d 702 (Tex.Civ.App. —Houston [14th Dist.] 1967, writ ref'd n.r. e.); *Mobley v. Rheem Mfg. Co.,* 410 S.W.2d 320 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.); *Scott v. Scott,* 408 S.W.2d 135 (Tex.Civ.App.—Fort Worth 1966, writ dism'd). We find that orders of dismissal for want of prosecution are distinguishable from an order of dismissal following a non-suit. In dismissing a case for want of prosecution the trial court necessarily makes a rendition. An order approving or evidencing a non-suit requires no such rendition.

Appellees also contend that a *nunc pro tunc* judgment to correct the dismissal order is not permissible in this case because there is no proof that the judgment entered incorrectly states the judgment which was rendered, and for which argument appellees cite *Escobar v. Escobar,* 711 S.W.2d 230 (Tex.1986), *Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973), *City of San Antonio v. Terrill,* 501 S.W.2d 394 (Tex.Civ. App.—San Antonio 1973, writ ref'd n.r.e.), and *Shepherd v. Estate of Long,* 480 S.W.2d 51 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.).

We do not consider the authorities cited by the appellees as controlling in this case.

As we have previously stated, a dismissal order approving a non-suit is a ministerial act and requires no rendition. Under the circumstances of this case, we find that the omission of language in the dismissal order specifically limiting the dismissal to Elcor only was a clerical error or oversight correctable by a *nunc pro tunc* order. All four of appellants' points of error are sustained. The trial court had the duty, in performing this ministerial act, to insure that the order evidencing the non-suit complied with the intention expressed in the motion for non-suit and he had the duty to correct the record when the error was brought to his attention.

The case is reversed and remanded to the trial court for compliance with the above holdings.