SHADOWBROOK APARTMENTS et al., Petitioners,

v.

Wajih ABU–AHMAD & Agatha Abu–Ahmad, Respondents.

No. C–9254.

Supreme Court of Texas.

Jan. 31, 1990.

Sidney W. Davis, Jr., Dallas, for petitioners.

Henry B. Parkhill, David C. Cowden, Grand Prairie, for respondents.

## PER CURIAM.

This case involves the issue of whether a trial court's denial of a motion for judgment nunc pro tunc is appealable.

Respondents Wajih Abu–Ahmad and Agatha Abu–Ahmad filed suit against Elcor Property Corporation, Shadowbrook Apartments, Pace Realty, Inc., and State Federal Savings and Loan Association of Lubbock. On August 10, 1988, the Abu–Ahmads filed a motion for nonsuit as to Elcor Property Corporation. The next day the trial court signed an order, prepared and submitted by the Abu–Ahmads' counsel, purporting to dismiss the entire suit, not just the action against Elcor. The Abu–Ahmads did not file a motion for new trial, appeal bond or take any other action within 30 days after the dismissal order was signed. On November 17, 1988, more than 90 days after the signing of the order of dismissal, the Abu–Ahmads filed a motion for judgment nunc pro tunc, asking the trial court to amend its August 11, 1988, order to dismiss only Elcor. The trial court denied this motion, stating it no longer had jurisdiction, and that the corrections sought involved a judicial error, not a clerical one.

The Abu–Ahmads appealed to the court of appeals, 776 S.W.2d 704, which reversed the judgment of the trial court and remanded the cause as to the remaining three defendants. The petitioners argue that the Abu–Ahmads did not appeal from the dismissal order itself, but rather from the denial of their Motion for Judgment Nunc Pro Tunc. The Abu–Ahmads argue they are appealing the order of dismissal itself. In either case, we hold that the court of appeals was without jurisdiction to hear the appeal.

█ If the Abu–Ahmads are appealing the dismissal order of August 11, their appeal is not timely. No timely appeal bond was filed within 30 days after the dismissal order was signed as is required under TEX.R.APP.P. 41(a)(1). Thus, the court of appeals lacked jurisdiction to hear an appeal of the dismissal order.

█ Conversely, if the Abu–Ahmads are in fact complaining of the denial of their Motion for Judgment Nunc Pro Tunc, they are not appealing a final judgment. With only a few exceptions not applicable here, appeals are allowed only from final judgments of a district or county court. TEX. CIV.PRAC. & REM.CODE ANN. § 51.012 (Vernon 1986); *Hinde v. Hinde,* 701 S.W.2d 637, 639 (Tex.1985). We hold that the court of appeals had no jurisdiction to entertain this appeal and therefore reverse the judgment of the court of appeals.

█ In so holding, we note that the granting of a nonsuit is merely ministerial, that a plaintiff's right to nonsuit of its own action exists at the moment a motion is filed, and that the only requirement is the mere filing of the motion with the clerk of the court. *Greenberg v. Brookshire,* 640 S.W.2d 870 (Tex.1982). A trial court is without authority to nonsuit parties without a motion for nonsuit of those parties by the plaintiff. *See* TEX.R.CIV.P. 162. We express no opinion as to whether the Abu–Ahmads may be entitled to relief through mandamus.

For the foregoing reasons, pursuant to TEX.R.APP.P. 133(b), without hearing oral argument, a majority of this court grants Shadowbrook's application for writ of error, reverses the judgment of the court of appeals and affirms that of the trial court.