Darryl W. Bell v. Collins, et al.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-150-CV

     DARRYL W. BELL,
                                                                              Appellant
     v.

     J. COLLINS, ET AL.,
                                                                              Appellees
 
 
From the 52nd District Court
Coryell County, Texas
Trial Court # 28,982
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Bell appeals from an order of the trial court dismissing his pro se informa pauperis
lawsuit.
      Appellant, a prison inmate, filed suit pro se informa pauperis on November 7, 1994, against
prison officials at the Hughes Unit alleging:
      ∙    Appellee Burkett "stole [his] mail and various commissary items"; destroyed his legal and
religious publications; and flooded his cell on April 3, 1994.
      ∙    Appellee Vega let a known enemy try to kill him on October 15, 1994, by letting him out
of his cell while Appellant was waiting to enter his cell.
      ∙    Appellee Wiseman improperly handled his food; denied him food, recreation and showers;
and filed a false disciplinary case against him on October 22, 1994.
      ∙    Appellee Garner, the Senior Warden at the Hughes Unit, failed to take corrective
measures in response to grievances filed by Appellant regarding the above mentioned
claims.
 
      Appellees moved to dismiss Appellant's claims under section 13.001 of the Texas Civil
Practice & Remedies Code, alleging immunity and qualified immunity. The trial court held a
hearing on Appellees' motion to dismiss on February 5, 1996, and determined that Appellant had
not pled a viable cause of action. But rather than dismiss Appellant's case, the court gave
Appellant 30 days to amend his petition in order to allege sufficient facts to overcome Appellees'
claims of immunity and qualified immunity. Appellant did not re-plead in conformity with the trial
court's order and on March 5, 1997, Appellees filed a motion to dismiss. After a hearing on
March 12, the trial court dismissed Appellant's cause with prejudice.
      Appellant appeals pro se on four points of error.
      Point 1: “Whether the District Court abused and arbitrarily exercised its discretion to grant
defendants' motion to dismiss for insufficient to state a cause of action and have no
arguable basis in law or fact.”
      Appellant's case was dismissed pursuant to the Texas Civil Practice & Remedies Code section
13.001, Dismissal of Action, which provides: 
(a) a court in which an affidavit of inability to pay costs under Rule 145, Texas Rules of
Civil Procedure, has been filed may dismiss the action on a finding that . . . . 
            (2) the action is frivolous or malicious. In determining whether the action is
frivolous or malicious the court may consider whether:
                  (1) the action's realistic chance of success is slight;
                  (2) the claim has no arguable basis in law or fact;
                  (3) it is clear the party cannot prove a set of facts in support of his
claim.
 
      The trial court has broad discretion to determine whether a suit filed pursuant to Rule 145
should be dismissed as frivolous under section 13.001 of the Texas Practice & Remedies Code. 
Johnson v. Lynaugh, 776 S.W.2d 393, 394 (Tex. App.—Tyler 1989, writ denied), 776 S.W.2d 705
(Tex. 1990). Johnson states that section 13.001 mirrors 28 U.S.C., sec. 1915(d), the federal
statute empowering federal courts to dismiss frivolous or malicious informa pauperis actions, and
explains that Congress recognized that a litigant whose filing fees and court costs are assumed by
the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,
malicious, or repetitive lawsuits.


 Appellant's claims were dismissed pursuant to subsection (b)(2)
of section 13.001, which provides for dismissal of informa pauperis actions filed prior to June 8,
1995, which have no arguable basis in law or fact.
      A claim lacks arguable basis in law when the defendants are immune from suit, as are the
appellees in this case, or when claims are based on a non-existent legal theory. Thomas v. Collins,
853 S.W.2d 53, 55 (Tex. App.—Corpus Christi 1993, writ denied).
      Appellant did not amend, making any allegations overcoming Appellees' immunity or qualified
immunity defenses. Dismissal under section 13.001 was appropriate.
      Point 1 is overruled.
      Point 2: “Whether the district court should have allowed plaintiff an opportunity to respond.”
      Appellant was afforded an ample opportunity to respond. Appellees' motion to dismiss for
failure to re-plead in conformity with the court's order was filed on March 5, 1997. In the ensuing
8 months Appellant took no steps to amend his petition to allege facts which would overcome
Appellees entitlement to immunity and plead a viable cause of action. Appellees then reurged their
motion to dismiss and set it for hearing on March 12, 1997. Hearing was had on March 12, 1997. 
The court heard Appellant's argument and then dismissed Appellant's cause of action. Appellant
was afforded ample opportunity to respond both in writing and in person to Appellees' motion to
dismiss.
      Point 2 is overruled.
      Point 3: “Whether the district court should have ruled on plaintiff's motions to compel
discovery and for injunctions.”
      No such motions are included in the transcript, thus these issues are not before this court. 
Moreover, since the trial court dismissed under section 13.001, any failure to rule on these motions
was harmless.
      Point 3 is overruled.
      Point 4: “Whether the district court is partial by having a court rule to not appoint counsel to
prisoners in civil cases, not supervising court clerk and administrator for not filing
documents and requests for hearing, and not having control over the case.”
      Appellant has made no showing of bias or partiality on the part of the trial court. Moreover,
there is no right to appointed counsel in civil cases of this nature, and the failure to appoint counsel
in a case properly meriting dismissal under section 13.001 cannot be grounds for claiming bias or
prejudice on the part of the trial court.
      Point 4 is overruled.
      The judgment is affirmed.
      The appeal is frivolous. Sanctions should be assessed against persons bringing frivolous
appeals from dismissals under Sec. 13.001. See Smith v. Stevens, 822 S.W.2d 152 (Tex.
App.—Houston [1st Dist.] 1991, writ denied ); Tex. Civ. Prac. & Rem. Code § 13.001; Tex. R.
App. P. 84; Birdo v. Schwartzer, 833 S.W.2d 388 (Tex. App.—Waco 1994). We assess damages
against Bell of $250.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 1, 1997
Do not publish