**In re ROC PRETRIAL.**

**No. 04-01-00404-CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 10, 2001.

Richard C. Jaramillo, Law Offices of Richard Jaramillo & Associates, P.C., Dallas, for Appellant.

Cathleen M. Stryker, Ball & Weed, P.C., Jacqueline M Stroh, Sharon E. Callaway, Crofts & Callaway, P.C., Lisa Horvath Shub, Robert G. Newman, Rosemarie Kanusky, Fulbright & Jaworski, L.L.P., Charles L. Smith, Jenkens & Gilchrist, Jorge E. Canseco, Clemens & Spencer, P.C., R. Laurence Macon, Akin, Gump, Strauss, Hauer & Feld, Stephen E. Walraven, Shaddox, Compere, Walraven & Good, San Antonio, Donald F. Martin, Blackwell, Sanders & Matheny, Overland Park, KS, Robert Q. Keith, Keith & Weber, P.C., Johnson City, Wm. Stephen Boyd, Worsham, Forsythe & Woolridge, John R. Robinson, Patterson, Lamberty & Robinson, P.C., Dallas, Gregg R. Brown, Germer, Bernsen, Gertz, Beaman & Brown, L.L.P., Austin, Jeffrey R. Parsons, Beirne, Maynard & Parsons, L.L.P., Houston, Kent Adams, Adams, Coffey & Duesler, Beaumont, for Appellee.

Sitting PHIL HARDBERGER, Chief Justice, SARAH B. DUNCAN, and KAREN ANGELINI, Justices.

Opinion by SARAH B. DUNCAN, Justice.

We are asked to consider whether a nonsuit order is void to the extent it dismisses claims not encompassed by the motion for nonsuit. We hold the order is not void and therefore dismiss the appeals of 155 appellants against nine appellees.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a mass tort action that consolidated eighteen cases involving over eight thousand plaintiffs and over thirty defendants. The notice of appeal and the appellants' docketing statement identify 161 plaintiffs as appellants, twenty-six defendants as appellees, and a March 28, 2001 summary judgment as the judgment appealed. However, of the 161 appellants, 155[1] are encompassed by or-

---

1. These 155 appellants are: Lonnie Dale Aikman; Mildred Aikman; Manuel Aldaco; Rosa Aldaco; Thelma L. Barnes; John Lewis Barnes; Sherrena Latrice Law; David Brady; V.C. Cardwell; Victor C. Cardwell; Phyllis Clark; Jose Andres Cortez; Virginia Cortez; Jose Andres Cortez, Jr.; Curtis Cortez; Jennifer A. Cortez; Vincente De la Rosa; Elmo Earls; Johnnie Flanagin; Sandra Flanagin; John Robert Flanagin; Monica Flanagin; Luis A. Flores; Lisa M. Flores; Luis Alfonso Flores, Jr.; Jose H. Garcia; Robin Garcia; Jacqueline Garcia; Christina Ann Garcia; Angelina Garcia; Eloy Garcia; Jose DeJesus Garcia; Serapio Garza; Melvin L. Gibson; Fannie Gibson; Cherrie D. Goodman; Dinah Lynn Goodman; Robyn Goodman; Thomas C. Goodman; Donald Hanson; Louise Hanson; Michael D. Hanson; Kimberly Hanson Horton; Chad C. Hanson; Terry Hanson; Teresa Hanson Wolf; John T. Horn; Martha Horn; Heidi Durham Horn; Hohn T. Horn, Jr.; Miguel Lara; Maria E. Lara; Claudette E. Lara; Luis Lara; Miguel Lara, Jr.; Annie Mae Lewis; Paul G. Lopez; Mary Lopez; Eunice Lopez; Stephanie Lopez; Angie Lopez; Amanda Lopez; Richard McWain;

ders nonsuiting their claims against nine appellees,[2] severing these claims into Cause Number 2001–CI–00831, and dismissing the severed case.

## DISCUSSION

In an earlier order, this court questioned its jurisdiction over the appeals of the 155 appellants whose claims against the nine appellees were nonsuited and severed into Cause Number 2001 CI 00831. In response to our order, these 155 appellants contend the trial court's order severing and dismissing their claims in Cause Number 2001–CI–00831 is void to the extent it nonsuits claims not encompassed by the motion for nonsuit. In support of their argument, these 155 appellants cite *Abu–Ahmad v. Shadowbrook Apts.*, 776 S.W.2d 704 (Tex.App.—Fort Worth 1989), *rev'd*, 783 S.W.2d 210 (Tex.1990) (per curiam).

In *Shadowbrook Apts.*, two plaintiffs filed suit against four defendants. *Sha-dowbrook Apts.*, 783 S.W.2d at 211. Sometime thereafter, the plaintiffs filed a motion to nonsuit their claims against one of the defendants. *Id.* The following day the trial court signed an order (prepared by the plaintiffs' attorney) dismissing the entire case. *Id.* After the time for filing an appeal, the plaintiffs filed a motion for judgment nunc pro tunc, seeking an amended dismissal order that dismissed the plaintiffs' claims only as to the defendant encompassed by their motion for nonsuit. *Id.* This motion was denied because, in the trial court's view, it had lost plenary power over the judgment and the error was judicial rather than clerical and thus not subject to post-plenary power nunc pro tunc correction. *See id.* The plaintiffs appealed the trial court's denial of their motion for judgment nunc pro tunc. *Sha-dowbrook Apts.*, 776 S.W.2d at 706.

The court of appeals reversed the "case and remanded to the trial court." *Id.* at

---

Rema McWain; Meagan Ashley McWain; Mathew McWain; Conrado T. Menchaca; Grace Menchaca; Conrado T. Menchaca, Jr.; Derrick Menchaca; Roger L. Miller; Frances M. Miller; Justin L. Miller; Jeffrey A. Miller; Rosalio C. Mireles; Enedelia Mireles; Rosalba Mireles; Rosalio Mireles, Jr.; Walter Allen Moorefield; Judy Gail Moorefield; Melanie Ray M. Daniels; Jason Allen Moorefield; Kimberly Ann Moorefield; Charles E. Murphy; Alma J. Murphy; James A. Murphy; Charles E. Murphy, Jr.; Ashley N. Robinson; Ollie L. Robinson; Joyce Thompson; Luvenia Thompson; Edelmiro Villarreal Pena; Leonor Pena; Edelmiro Villarreal Pena, Jr.; Jaime Perez; Rosa Elia Peres; Alonzo Perez; Hugo Perez; Jaime Perez, Jr.; Lewis C. Pickett; Shirley Pickett; Lewis Picket, Jr.; Allison Pickett; Bruce D. Plemons; Laura Plemons; Carolyn Salazar; Eric Plemons; Francisco Ramirez; Dora Estella Ramirez; Jesus Ramirez; Martin Ramirez; Esmeralda Ramirez Ibarra; Lynn Robertson; Bobbie Jean Robertson; Home K. Robinson; Jesus Pedro Rodriguez; Berta Rodriguez; Jesus Pedro Rodriguez, Jr.; Teresa Rodriguez; Laura I. Rodriguez; Sara Rodriguez; Betty J. Sanders; Duane Sanders; Jerry M. Seay; Gloria Seay; Ricky Seay; Lisa Williams; Joe Sepahrom; Clayton Paul Smith; Mary Jean Smith; Jessica D. Smith; Megan N. Smith; Richard M. Talavera; Lisa Talavera; Steven Talavera; Richard Talavera; Alvino Talavera; Robert J. Thornburg; Dorothy Thornburg; Gail Hogarth; Robert L. Thornburg; Deborah Milligan; Jeanette Martin; Robert E. Vedder; Barbara A. Vedder; Robert F. Vedder; George W. Watson, Jr.; Lucille Watson; Robert Wiggs; Tommie Wiggs; Donna Lee Cole; Terri M. Wunderlich; George Wunderlich; Courtney Wunderlich; and Charlie Wunderlich. The six appellants not included in the severance and subsequent dismissal orders are: John Lewis Barnes II, Judy Brady, Alma Leticia Garza, Luis Lauro Garza Serna, Cheryl McBeth, and Karl Gibson.

2. These nine appellees are: Ashland Chemical, Inc.; Dow Chemical Company, Inc.; Exxon Chemical Trading, Inc.; Exxon Corporation d/b/a Exxon Company, U.S.A.; Shell Chemical Company; Shell Oil Company; Union Carbide Chemical & Plastics Company, Inc.; Thermo Tech, Inc.; and ZRC Chemical Products Company d/b/a Norfolk Corp.

710. During the course of its discussion, the court stated that the dismissal order was "void" to the extent it dismissed the plaintiffs' claims against the three defendants not encompassed by the motion for nonsuit. *Id.* at 709. *See also In re Bridges,* 28 S.W.3d 191, 195 (Tex.App.—Fort Worth 2000, orig. proceeding). On application for writ of error, the Texas Supreme Court did not address expressly whether the dismissal order was void. However, in reversing the court of appeals' judgment and affirming that of the trial court, the court stated an appeal of the dismissal order was untimely:

> If the [plaintiffs] are appealing the dismissal order ..., their appeal is not timely. No timely appeal bond was filed within 30 days after the dismissal order was signed as is required under TEX. R.APP. P. 41(a)(1). Thus, the court of appeals lacked jurisdiction to hear an appeal of the dismissal order.

*Shadowbrook Apts.,* 783 S.W.2d at 211.

▮▮▮ We believe and hold the necessary import of the supreme court's holding in *Shadowbrook Apts.* is that the dismissal order involved in that case was not void. If it had been, the order would not have disposed of all claims and parties in the suit and thus would not have been a final judgment from which an appeal would lie. Therefore, the plaintiffs' appeal, rather than being too late, would have been premature. Because the supreme court expressly held an appeal of the dismissal order was too late, rather than too early, it

necessarily follows the dismissal order was not void. So it is in this case.[3] We therefore decline to hold the nonsuit order in Cause Number 2001–CI–00831 is void.

## CONCLUSION

Because all of the claims of the 155 appellants against the nine appellees referenced in the nonsuit and dismissal orders in Cause Number 2001–CI–00831 were nonsuited, severed, and dismissed in that cause, this court is without jurisdiction to consider these claims or orders in this appeal. We therefore dismiss this appeal to the extent it involves these claims. We also sever that part of this appeal that involves the claims of these 155 appellants against the nine appellees referenced in these orders so that the appellants may immediately seek review in the supreme court. We express no opinion as to whether these 155 appellants are entitled to relief through nunc pro tunc proceedings or mandamus. *See Shadowbrook Apts.,* 783 S.W.2d at 211; *In re Bridges,* 28 S.W.3d at 196.

---

3. Our conclusion is further supported by the court's well-established view on void orders. "A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest,* 795 S.W.2d 700, 703 (Tex.1990).