

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00254-CV

## IN THE MATTER OF THE MARRIAGE OF
## KATIE SPAHN
## AND
## RODNEY SPAHN

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 06-15572-CV

## MEMORANDUM OPINION

Rodney Spahn appeals from the entry of a qualified domestic relations order based on an agreed final decree of divorce and of the denial of his motion for nunc pro tunc of the decree of divorce. He complains that the trial court abused its discretion in awarding attorney's fees to his ex-wife, Katie Spahn-Northern, and that the trial court erred by denying his motion for judgment nunc pro tunc to correct the date of the parties' marriage in the final decree of divorce. Because we find that the trial court abused its discretion by awarding attorney's fees, we modify the judgment to delete the award of attorney's fees, and as modified, affirm the judgment of July 1, 2009. We find that we do not have jurisdiction over Rodney's complaint regarding the denial of his

motion for judgment nunc pro tunc and dismiss the claim relating to the judgment signed on September 9, 2009.[1]

*Award of Attorney's Fees*

Rodney complains that the trial court erred by granting Katie attorney's fees because there was no statutory authority to support the award of attorney's fees and that there was insufficient evidence presented regarding the reasonableness and necessity of the fees awarded.

Section 9.106 of the Family Code has been added to the Family Code and became effective on September 1, 2009. That section authorizes the award of attorney's fees in proceedings regarding post-decree qualified domestic relations orders. TEX. FAM. CODE ANN. § 9.106, added by Acts 2009, 81st Leg., ch. 768, § 9, eff. Sept. 1, 2009 (Vernon Supp. 2009). Prior to this time, the only section that granted the authority for the trial court to award attorney's fees was section 9.014. *See* TEX. FAM. CODE ANN. § 9.014 (Vernon 2007). However, section 9.014 is specifically limited to proceedings under that subchapter, which does not include the entry of a qualified domestic relations order. *See id.*

The live pleading before the trial court at the time of the order awarding attorney's fees was a motion to sign qualified domestic relations orders. There was no request for clarification or enforcement of the divorce decree contained within those pleadings. Therefore, section 9.014 did not apply. Katie has not provided any other

---

[1] There were two separate judgments entered that form the basis of this appeal. The first is entitled "Order on 1st Amended Motion to Enter QDROs," which was signed on July 1, 2009. The second is entitled "Order on Motion for Judgment Nunc Pro Tunc," which was signed by the trial court on September 9, 2009.

statutory authority to support the award of attorney's fees.  We find that the trial court abused its discretion in awarding attorney's fees to her in this matter.  We sustain issue one.

*Judgment Nunc Pro Tunc*

Rodney complains that the trial court erred by denying his motion for a judgment nunc pro tunc to correct the date of the parties' marriage in the final decree of divorce.  However, with few exceptions, a party may appeal only a final judgment of the trial court.  The denial of a motion to correct a judgment nunc pro tunc is not a final judgment and not subject to appeal.  *Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990).  Therefore, the issue regarding any error in the denial of his motion for a judgment nunc pro tunc is dismissed for lack of jurisdiction.  We overrule issue two.

*Conclusion*

We find that the trial court abused its discretion in awarding attorney's fees to Katie Spahn-Northern because there was no statutory authority to support an award of attorney's fees.  We do not have jurisdiction to review the denial of Rodney Spahn's motion for judgment nunc pro tunc.  Therefore, we modify the judgment of the trial court to delete the award of attorney's fees to Katie Spahn-Northern, and otherwise affirm the judgment of the trial court signed on July 1, 2009.  The appeal of the judgment signed on September 9, 2009 is dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Modified in part, and as modified, affirmed in part; dismissed in part
Opinion delivered and filed June 16, 2010
[CV06]