**Abatement Order filed March 29, 2012.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-12-00166-CV**

_____

**PATRICIA SALVATO, M.D., Appellant**

**V.**

**MICHELLE WINSMANN f/k/a MICHELLE NAQUIN, Appellee**

---

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2011-37079**

---

## A B A T E M E N T   O R D E R

This is an appeal from an order denying an award of attorney's fees and costs of court in connection with appellant's motion to dismiss a medical liability action for failure to provide an expert report, which was signed November 18, 2011. On November 17, 2011, the plaintiff/appellee filed a notice of non-suit pursuant to Texas Rule of Civil Procedure 162. The clerk's record filed with this court does not contain an order on the non-suit, and the record does not indicate that an order was signed.

A notice of non-suit is effective when filed. *See* Tex. R. Civ. P. 162; *Shadowbrook Apts. v. Abu–Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990). Appellate timetables do not run from the date a nonsuit is filed, however; the date the trial court signs an order of dismissal controls for purposes of appeal. *See Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995); *see also Travelers Ins. Co. v Joachim,* 315 S.W.3d 860, 865 n.4 (Tex. 2010)

(noting that although a nonsuit is effective upon its filing, expiration of plenary power is determined from the date on which a trial court signs an order dismissing the suit). A subsequent order granting the nonsuit is a ministerial act. *UTMB at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

Therefore, an order of non-suit is required so that appellant may appeal from a final order. Texas Rule of Appellate Procedure 27.2 provides as follows:

> The appellate court may allow an appealed order that is not final to be modified so as to be made final and may allow the modified order and all proceedings relating to it to be included in a supplemental record.

Tex. R. App. P. 27.2.

Accordingly, we order the case abated and remanded to the trial court for a period of thirty days so that the trial court may sign an order of non-suit, if the court has not already done so. A supplemental clerk's record containing the trial court's order of non-suit shall be filed with the clerk of this court on or before **April 30, 2012.**

In addition, appellant's notice of appeal states that this is an accelerated appeal from an interlocutory order. Appellant is **ORDERED** to file an amended notice of appeal to reflect that the order being appealed is a final order and the appeal is not accelerated. The amended notice of appeal shall be filed with the clerk of this court on or before **April 30, 2012.** *See* Tex. R. App. P. 25.1(g).

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental clerk's record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Jamison and McCally.