IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00254-CV

 

In the
Matter of the Marriage of

Katie
Spahn

and

Rodney
Spahn

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 06-15572-CV

 



MEMORANDUM  Opinion










 

            Rodney Spahn appeals from the entry of
a qualified domestic relations order based on an agreed final decree of divorce
and of the denial of his motion for nunc pro tunc of the decree of divorce.  He
complains that the trial court abused its discretion in awarding attorney’s
fees to his ex-wife, Katie Spahn-Northern, and that the trial court erred by
denying his motion for judgment nunc pro tunc to correct the date of the
parties’ marriage in the final decree of divorce.  Because we find that the
trial court abused its discretion by awarding attorney’s fees, we modify the
judgment to delete the award of attorney’s fees, and as modified, affirm the
judgment of July 1, 2009.  We find that we do not have jurisdiction over
Rodney’s complaint regarding the denial of his motion for judgment nunc pro
tunc and dismiss the claim relating to the judgment signed on September 9,
2009.[1]

Award of Attorney’s Fees

            Rodney complains that the trial court
erred by granting Katie attorney’s fees because there was no statutory
authority to support the award of attorney’s fees and that there was
insufficient evidence presented regarding the reasonableness and necessity of
the fees awarded.

            Section 9.106 of the Family Code has
been added to the Family Code and became effective on September 1, 2009.  That
section authorizes the award of attorney’s fees in proceedings regarding
post-decree qualified domestic relations orders.  Tex. Fam. Code Ann. § 9.106, added by Acts 2009, 81st Leg.,
ch. 768, § 9, eff. Sept. 1, 2009 (Vernon Supp. 2009).  Prior to this time, the
only section that granted the authority for the trial court to award attorney’s
fees was section 9.014.  See Tex.
Fam. Code Ann. § 9.014 (Vernon 2007).  However, section 9.014 is
specifically limited to proceedings under that subchapter, which does not
include the entry of a qualified domestic relations order.  See id.

The live pleading before the trial court at the
time of the order awarding attorney’s fees was a motion to sign qualified
domestic relations orders.  There was no request for clarification or enforcement
of the divorce decree contained within those pleadings.  Therefore, section
9.014 did not apply.  Katie has not provided any other statutory authority to
support the award of attorney’s fees.  We find that the trial court abused its
discretion in awarding attorney’s fees to her in this matter.  We sustain issue
one.

Judgment Nunc Pro Tunc

Rodney complains that the trial court erred by
denying his motion for a judgment nunc pro tunc to correct the date of the
parties’ marriage in the final decree of divorce.  However, with few
exceptions, a party may appeal only a final judgment of the trial court.  The
denial of a motion to correct a judgment nunc pro tunc is not a final
judgment and not subject to appeal.  Shadowbrook Apartments v. Abu-Ahmad,
783 S.W.2d 210, 211 (Tex. 1990).  Therefore, the issue regarding any error in
the denial of his motion for a judgment nunc pro tunc is dismissed for lack of
jurisdiction.  We overrule issue two.

Conclusion

            We find that the trial court abused its discretion in awarding
attorney’s fees to Katie Spahn-Northern because there was no statutory
authority to support an award of attorney’s fees.  We do not have jurisdiction
to review the denial of Rodney Spahn’s motion for judgment nunc pro tunc. 
Therefore, we modify the judgment of the trial court to delete the award of
attorney’s fees to Katie Spahn-Northern, and otherwise affirm the judgment of
the trial court signed on July 1, 2009.  The appeal of the judgment signed on
September 9, 2009 is dismissed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Modified
in part, and as modified, affirmed in part; dismissed in part

Opinion
delivered and filed June 16, 2010

[CV06]









[1]
There were two separate judgments entered that form the basis of this appeal. 
The first is entitled “Order on 1st Amended Motion to Enter QDROs,”
which was signed on July 1, 2009.  The second is entitled “Order on Motion for
Judgment Nunc Pro Tunc,” which was signed by the trial court on September 9,
2009.