**Affirmed and Memorandum Opinion filed October 25, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00276-CV

**PAUL OLIVER, Appellant**

**V.**

**SMITH INTERNATIONAL, INC., Appellee**

---

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2010-18419**

---

## M E M O R A N D U M   O P I N I O N

Appellant Paul Oliver sued his former employer, appellee Smith International, Inc., for allegedly retaliating against Oliver by firing him after he filed a workers' compensation claim. The trial court granted Smith International's motion to sanction Oliver after he cancelled a court-ordered deposition, and dismissed the case without prejudice. We affirm.

### BACKGROUND

Oliver sued his former employer, Smith International, alleging that Smith International retaliated against Oliver by firing him after he filed a workers'

compensation claim. In the course of the litigation, Smith International obtained a date for Oliver's deposition and noticed the deposition. The day prior to the deposition, counsel for Oliver cancelled the deposition upon his belief that Smith International's answers to written discovery were inadequate.[1] Smith International filed a motion to compel Oliver's deposition and sought sanctions. The trial court granted the motion and ordered Oliver to appear for his deposition between December 3 and December 9, 2010. The trial court did not, however, award sanctions at that time.

Following entry of the order compelling the deposition, Smith International noticed Oliver's deposition for 9:00 a.m.[2] on December 9, 2010. At 12:36 a.m. on December 9, 2010, Oliver sent an email to his attorney indicating that he would not appear later that morning to be deposed. Oliver's counsel stated that he "notified [opposing] counsel at approximately 8:05 [a.m.] that we received word from our client . . . that he was unavailable for the deposition." Because opposing counsel's office was closed at that time, Oliver's counsel left a voicemail message. Oliver subsequently filed a motion to nonsuit the case at 8:09 a.m.

Counsel for Smith International was en route to the deposition that morning and did not know that Oliver had cancelled the deposition until she arrived around 9:00 a.m. The court reporter issued a certificate of Oliver's nonappearance at 10:45 a.m.

Smith International filed a motion for sanctions under Texas Rule of Civil Procedure 215, requesting reimbursement for costs incurred due to the cancelled deposition. The trial court granted the motion and ordered Oliver, individually, either to remit $5,226.50 in sanctions or agree to dismiss his suit with prejudice within 30 days. Oliver declined to dismiss his suit with prejudice, and on March 16, 2011, the trial court

---

[1] Oliver's counsel subsequently provided additional reasons for cancelling the deposition; however, counsel refused to reschedule the deposition until "after discovery is complete" because of his experience with Smith International's counsel's "preference[]," which is "to file a Motion for Summary Judgment relatively soon after taking the Plaintiff's deposition . . . ."

[2] As a convenience to Oliver's counsel, counsel for Smith International verbally agreed to begin the deposition at 9:30 a.m.

signed a final judgment (1) ordering Oliver to remit $5,226.50; and (2) dismissing Oliver's claims without prejudice pursuant to the motion for nonsuit.

## ANALYSIS

Oliver urges this court to reverse the sanctions award on appeal, alleging that the court abused its discretion by imposing sanctions against Oliver for (1) failing to appear for a deposition scheduled to take place after he moved for nonsuit; and (2) refusing to consent to a nonsuit with prejudice. Oliver contends that the motion for nonsuit immediately nullified the deposition notice and the trial court's order compelling the deposition, and that the trial court could not sanction Oliver for failing to appear at a deposition that was therefore no longer scheduled to take place.[3] *See In re Lobo Pipeline Co.*, No. 04-00-00383-CV, 2000 WL 1727054, at *1 (Tex. App.—San Antonio Nov. 22, 2000, orig. proceeding) (per curiam) (not designated for publication) ("We agree with Lobo that as a result of Zapata's nonsuit the trial court's discovery order is not longer any effect . . . ."). Smith International responds that Oliver erroneously assumes that the trial court had no authority to sanction Oliver for engaging in "discovery abuse" by refusing to attend the deposition before he filed the motion for nonsuit.[4]

We review an order imposing sanctions for abuse of discretion. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A court abuses its discretion in imposing sanctions if it acts arbitrarily or unreasonably, without reference to guiding principles and rules. *Id*. at 838–39. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

---

[3] Oliver does not ask us to further review whether the particular sanction awarded was unjust. *See Transamerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) ("In our view, whether an imposition of sanctions is just is measured by two standards. First, a direct relationship must exist between the offensive conduct and the sanction imposed. . . . Second, just sanctions must not be excessive.").

[4] Smith International also argues that the cancellation constituted a violation of the trial court's order even though the time for the deposition had not arrived. Because we resolve Oliver's appeal on other grounds, we do not decide whether the cancellation constituted a preemptory "failure to appear" or "failure to comply" with the trial court's discovery order within the meaning of Texas Rules of Civil Procedure 215.1 or 215.2. *See* TEX. R. CIV. P. 215.1, 215.2.

Smith International invoked Texas Rule of Civil Procedure 215 in its motion for sanctions and argued at the hearing that Oliver should be sanctioned for engaging in a pattern of "flagrant discovery [abuse]" with respect to his deposition. Oliver appeared at the hearing and failed to provide any explanation for his last-minute refusal to attend the court-ordered deposition; instead, he argued that his failure to appear at 9:00 a.m. was not a violation of the trial court's order because the 8:09 a.m. motion for nonsuit nullified all outstanding discovery orders and requests. In rejecting this argument and granting Smith International's motion, the trial court noted that it had previously put Oliver on notice that the trial court "was not going to put up with any discovery — what I saw — what I see — what I would classify as discovery shenanigans."

Oliver urges, without support, that the trial court could only sanction Oliver under Rule 215 "for violations of discovery orders." *See, e.g.*, TEX. R. CIV. P. 215.1 (authorizing motion for sanctions or order compelling discovery if, among other things, a deponent fails to appear or answer questions); TEX. R. CIV. P. 215.2 (authorizing sanctions for failure to comply with proper discovery requests or discovery order). We disagree that a trial court is so limited to address discovery abuse.

Under these circumstances, the trial court had the discretion to conclude that Oliver engaged in sanctionable "discovery abuse" within the meaning of Rule 215.3 before he filed his motion for nonsuit through his serial refusal to attend a deposition for improper purposes and in a way calculated to impose unnecessary expense upon his opponent.[5] *See* TEX. R. CIV. P. 215.3 ("If the court finds a party is abusing the discovery process in . . . resisting discovery or if the court finds that . . . a response or answer is unreasonably frivolous or made for purposes of delay," then the court may consider discovery sanctions.); *Sanchez v. Rodriguez*, Nos. 13-00-059-CV & 13-00-060-CV, 2001

---

[5] Although Smith International's motion specifically references sanctions under 215.1(b)(2)(A) in addition to generally invoking Rule 215, we conclude that the motion and arguments presented at the hearing are sufficiently broad for us to affirm the trial court's sanctions order under Rule 215.3. We need not address whether the trial court's sanctions order was also appropriate under 215.1(b)(2)(A) or whether the motion for nonsuit filed at 8:09 a.m. relieved Oliver of his obligation to appear at 9:00 a.m. *See* TEX. R. CIV. P. 215.1–.2.

4

WL 34616782, at \*10–11 (Tex. App.—Corpus Christi Oct. 4, 2001, no pet.) (not designated for publication) (affirming trial court's discovery abuse sanctions against parties, in part, for their "refus[al] to appear for their depositions just prior to the time for their depositions"). A trial court is authorized under Rule 215.3 to sign an order "charging all or any portion of the expenses of discovery . . . against the disobedient party" or "dismissing with or without prejudice the action or proceedings" for discovery abuse. *See* TEX. R. CIV. P. 215.2, 215.3 (authorizing certain sanctions listed in Rule 215.2). That the trial court gave Oliver a choice between a monetary sanction and a dismissal with prejudice does not support the contention that the trial court sanctioned Oliver for refusing to nonsuit with prejudice. Such relief was neither sought nor ordered.

We note that Oliver suggests that a decision upholding the trial court's sanction in this case could have a chilling effect on plaintiff's unfettered right to nonsuit under Rule 162. We disagree. A plaintiff may dismiss his case or take a nonsuit "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." *See* TEX. R. CIV. P. 162. Under these circumstances, a motion for nonsuit extinguishes a case or controversy from "'the moment the motion is filed'"; the only requirement is "'the mere filing of the motion with the clerk of the court.'" *Univ. of Tex. Med. Branch at Galveston v. Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam) (quoting *Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990)). However, the Texas Supreme Court determined long ago that such dismissal "'shall have no effect on any motion for sanctions, attorney's fees, or other costs'" that are pending at the time of dismissal or filed during the trial court's post-dismissal plenary power. *Blackmon*, 195 S.W.3d at 100–01 (quoting TEX. R. CIV. P. 162); *Scott & White Mem'l Hosp. v. Schexnider*, 940 S.W.2d 594, 595 (Tex. 1996) (per curiam). A plaintiff's right to nonsuit neither extinguishes nor trumps the trial court's obligation to address conduct alleged to be sanctionable.

We overrule both issues and affirm the judgment of the trial court.


                              /s/      Sharon McCally
                                       Justice



Panel consists of Justices Brown, Boyce, and McCally.


6