**Opinion issued August 9, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00276-CV

———————————

## IN RE D & KW FAMILY, L.P., Relator

———————————

## Original Proceeding on Petition for Writ of Mandamus

———————————

### MEMORANDUM OPINION

Relator D & KW Family, L.P. intervened in the underlying case several years after a final judgment had issued in order to file a motion to enter judgment nunc pro tunc.[*] After the trial court denied the motion, D & KW filed a notice of appeal. Kimberly Kay Bidinger, also an intervenor in the underlying case, moved

---

[*] The underlying case is *Aldine Independent School District v. Ranch Town, Inc.*, No. 94-08239 in the 151st District Court of Harris County, Texas, the Honorable Mike Engelhart, presiding.

to dismiss D & KW's appeal for want of jurisdiction. In its response to the motion to dismiss, D & KW specifically requests that this court treat its appeal as a mandamus petition, and it filed with that response a document styled as a petition for writ of mandamus.

We conclude that D & KW has invoked this court's original jurisdiction and we treat the appeal as a petition for writ of mandamus. Accordingly, Bidinger's motion to dismiss is denied. On the merits, we deny D & KW's petition for writ of mandamus.

## Background

In January 1994, Aldine Independent School District ("AISD") sued Ranch Town, Inc., for unpaid property taxes on several lots in a residential subdivision. Harris County intervened in the suit and adopted AISD's petition.

In October of the same year, a master in chancery appointed to the case filed a report in which it recommended that judgment be granted in the case. The report does not reflect the substance of the master's recommendation. In November, Ranch Town, AISD, and Harris County entered into an agreed judgment that was signed by the trial court. The agreed judgment ordered Ranch Town to pay $26,434.45 to AISD and $18,041.10 to Harris County, plus the taxing authorities' attorney's fees and court costs. It also specified that if Ranch Town defaulted on its payment obligations, the court would issue an order directing the Harris County

Sheriff or Constable to seize and sell the property. The agreed judgment described the property and rights of way thereon as follows:

> LOTS ONE HUNDRED THIRTY-NINE (139) THROUGH ONE HUNDRED FORTY-TWO, (142), BLOCK NINE (9), ALDINE MOBILEHOME CITY, AN UNRECORDED SUBDIVISION IN HARRIS COUNTY, TEXAS, OUT OF THE EAST FIFTY (50) ACRES, MORE OR LESS, AND <u>ALL RIGHTS OF WAYS WITHIN SUCH FIFTY (50) ACRES</u>, IN THE JOSEPH MCGINNIS SURVEY, ABSTRACT 587, SAVE AND EXCEPT THAT PART OF THE FIFTY (50) ACRES CONVEYED TO THE STATE OF TEXAS, AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS IN ATTACHED EXHIBIT "A" AND SAVE AND EXCEPT THOSE PROPERTIES PREVIOUSLY CONVEYED AND DESCRIBED IN DEEDS RECORDED AS FILM CODE NUMBERS 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, 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, 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, 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, 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, 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, AND 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, IN THE DEED RECORDS OF HARRIS COUNTY, TEXAS, SAID LOTS BEING SHOWN FOR REFERENCE PURPOSES ONLY ON THE PLAT ATTACHED AS EXHIBIT "B".

(Emphasis supplied.) Exhibit A, as referenced in the agreed judgment, is a metes and bounds description of the property; however, it does not describe the rights of way on the property. Exhibit B is a plat showing the lots within the subdivision and several rights of way, including a street labeled "Cherilynn Lane."

When Ranch Town did not pay the agreed judgment, the trial court ordered that the property be sold. AISD purchased the property at the foreclosure sale. D & KW subsequently purchased the property at a constable's sale. Aside from the absence of any reference to a plat, the constable's deed described the property conveyed to D & KW exactly as it was described in the 1994 agreed judgment, and

3

it included as an attached exhibit the metes and bounds description of the property, but not the rights of way.

In a separate case, D & KW brought trespass claims against Bidinger and her husband, Alfredo Arturo Ballestas, who together owned an adjacent property accessible by "Cherilyn Lane." *See D & KW Family, L.P. v. Bidinger*, No. 01-08-00260-CV, 2009 WL 1635216, at *3 (Tex. App.—Houston [1st Dist.] June 11, 2009, pet. denied) (mem. op.) ("*D & KW I*"). D & KW claimed to own rights of way encompassing Cherilyn Lane, and it sought an injunction preventing Bidinger and Ballestas from accessing their property by way of that road. *See id.* Bidinger and Ballestas counterclaimed for an implied easement and easement by necessity. *See id.* The trial court in that case resolved cross-motions for summary judgment in favor of Bidinger and Ballestas, and D & KW appealed to this court. *Id.*

A key issue in that appeal was whether D & KW had acquired good and perfect title to the Cherilyn Lane right of way. *Id.* at *7. In analyzing the description of the rights of way in D & KW's deed, this court stated the following:

> The grant of "all rights of way" within the 50-acre tract is legally insufficient to confer fee simple title to Cherilyn Lane for several reasons. Within the deed itself, there is a purported grant of all rights-of-way, but the metes and bounds description attached to the deed does not refer to any right-of-way. The written instrument that purports to convey title does not, therefore, furnish within itself, or by reference to some other existing writing, the means or data by which the land conveyed may be identified with reasonable certainty. The conveyance of "all rights of way" fails because of a lack of metes and bounds description or any other existing writing from which to

4

determine the location, size, and boundaries of the rights of way with the requisite reasonable certainty.

Further, the language of conveyance of "all rights of way" by the constable's deed in this case is much like a conveyance of an unidentified portion of a larger, identifiable tract, which the Supreme Court of Texas has long held to be insufficient.

Finally, the constable's deed does not provide any means by which a surveyor could locate and determine the rights-of-way. Indeed, Bidinger's and Ballestas's summary-judgment evidence includes the affidavit of a professional surveyor who attested to his inability to rely on the descriptions provided by the constable's deed and supporting exhibit to aid in determining the property conveyed. D & KW responded by providing the affidavit of another professional surveyor who stated that he was able to determine the metes and bounds of the Cherilyn Lane right-of-way by referring to the tax plats in the Assessor's Block Book for Harris County. To be competent, evidence relied on to locate, size, and determine boundaries must refer to existing writings such as tax tract maps. The critical distinction here is the lack of an existing writing that refers to the tax plat. In this case, there is only the opinion of D & KW's professional surveyor that refers to the tax plat.

*Id.* at *9 (emphasis, footnote, quotation marks, and citations omitted). This court affirmed the summary judgment in favor of Bidinger and Ballestas. *Id.* at *10.

Following disposition of that appeal, AISD filed a motion for entry of a final judgment nunc pro tunc in the 1994 tax delinquency suit. AISD's proposed judgment nunc pro tunc would have more particularly described the metes and bounds of the rights of way over the property that AISD foreclosed upon and subsequently conveyed to D & KW.

5

Bidinger intervened to oppose the request for judgment nunc pro tunc. D & KW also intervened, and it joined and adopted AISD's motion. AISD subsequently withdrew its motion, thereby leaving only D & KW to prosecute it. A tax master filed a report recommending that the motion for entry of judgment nunc pro tunc be denied. *See* TEX. TAX CODE ANN. § 33.71 (West 2008) (authorizing appointments of tax masters in tax delinquency suits).

D & KW appealed the tax master's recommendation to the district court. *See* TEX. TAX CODE ANN. § 33.74 (authorizing appeals from tax master's recommendation to referring court). Following a hearing, the trial court signed an order denying D & KW's motion for entry of judgment nunc pro tunc. D & KW filed notice of appeal from that order.

**Analysis**

**I.    Jurisdiction**

In its original brief, D & KW styled its application to this court as an appeal of the trial court's order denying entry of judgment nunc pro tunc. Bidinger filed a motion to dismiss the appeal for want of jurisdiction, contending that this court lacks appellate jurisdiction over such an order. *See* TEX. R. APP. P. 42.3. Without disputing this point, D & KW responded by asking that we treat its application as a petition for writ of mandamus, and it also filed with its response a document styled as such.

6

Appellate courts generally have jurisdiction only over final judgments, although a statute can authorize appeals from specific types of orders. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2011) (authorizing appeals from certain interlocutory orders). An order denying a motion for entry of judgment nunc pro tunc is not an appealable, final judgment. *Shadowbrook Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam). Nor does any statute authorize an appeal from such an order. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. Therefore, appellate courts must ordinarily dismiss for want of jurisdiction appeals that challenge an order denying judgment nunc pro tunc. *See, e.g.*, *Shadowbrook Apartments*, 783 S.W.2d at 211; *Gonzalez v. Dep't of Family & Protective Servs.*, No. 01-11-00205-CV, 2012 WL 1564664, at *3 (Tex. App.—Houston [1st Dist.] May 3, 2012, no pet.) (mem. op.). Because D & KW appeals an order denying judgment nunc pro tunc and such an order is not appealable, we hold that this court lacks jurisdiction to consider the appeal as a direct appeal. *See Shadowbrook Apartments*, 783 S.W.2d at 211.

Nevertheless, in an appropriate case, we may treat an appeal as a petition for writ of mandamus. *See CMH Homes*, 340 S.W.3d at 452–53. An appellant who specifically requests that its appeal be treated as a mandamus petition invokes this court's original jurisdiction. *Id.*; *see also* TEX. GOV'T CODE ANN. § 22.221(b)

7

(West 2004) (authorizing courts of appeals to issue writs of mandamus). In *CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011), the Supreme Court of Texas held that an appellant who filed an appeal from an unappealable order was nevertheless entitled to have its appeal treated as a petition for writ of mandamus because the appellant specifically requested mandamus relief and because requiring the appellant to file a separate document entitled "petition for writ of mandamus" would "unnecessarily waste the parties' time and further judicial resources." *CMH Homes*, 340 S.W.3d at 453–54.

Likewise, in this case, requiring D & KW to initiate a separate mandamus proceeding would unnecessarily waste the parties' time and further judicial resources. D & KW not only specifically requested mandamus relief, it also submitted a document in the form of a petition for writ of mandamus. Moreover, the necessary trial record has already been filed with this court and the parties have briefed the merits of the case. Because the order appealed from is unappealable, D & KW has specifically requested mandamus relief, and treating this appeal as a petition for writ of mandamus advances the interest of judicial efficiency, we will consider this appeal as a petition for writ of mandamus. *See id.*; *see also In re Bridges*, 28 S.W.3d 191, 195–96 (Tex. App.—Fort Worth 2000, orig. proceeding) (holding that mandamus relief was available and appropriate when trial court erroneously denied motion for entry of order nunc pro tunc), *cited with approval in*

*In re Daredia*, 317 S.W.3d 247, 249–50 (Tex. 2010) (per curiam, orig. proceeding). We deny Bidinger's motion to dismiss for want of jurisdiction.

## II. Mandamus

Mandamus relief is available if the relator establishes a clear abuse of discretion for which there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). If the trial court fails to analyze or apply the law correctly, the trial court abuses its discretion. *Id.* With respect to the resolution of factual issues, however, the reviewing court may not substitute its judgment for that of the trial court. *Id.* at 839. The relator must establish that the trial court could have reasonably reached only one conclusion. *Id.* at 840. As previously discussed, D & KW does not have recourse to an appeal to challenge the trial court's denial of its motion. Consequently, the only remaining question is whether D & KW has established that the trial court has clearly abused its discretion. *See Prudential*, 148 S.W.3d at 135–36.

D & KW argues that the trial court clearly abused its discretion in refusing to render a judgment nunc pro tunc because it was a clerical error, rather than a judicial one, to have omitted in the 1994 agreed judgment a description of the metes and bounds of the rights of way over its property. D & KW contends that

9

when the agreed judgment described the foreclosed property to include "ALL RIGHTS OF WAYS WITHIN SUCH FIFTY (50) ACRES," the trial court did not intend to render a judgment reflecting a legally insufficient description of the rights of way. It asserts that the metes and bounds description is readily determined by reference to the tax plat filed in the Harris County Assessor's block book and that adding the pertinent description involves no judicial reasoning.

Bidinger points out that the judgment at issue is an agreed judgment. She contends that the judgment was drafted by one of the parties' attorneys and argues that the error alleged by D & KW became part of the court's judgment as rendered, thereby making it a judicial error. Bidinger also contends that entering the judgment nunc pro tunc would require the trial court to exercise its judicial reasoning to determine whether AISD intended to sue for all rights of way or only certain rights of way. Furthermore, Bidinger argues that in *D & KW I*, this court specifically rejected the possibility of using the tax plat to supply the metes and bounds of the rights of way.

Absent a motion that extends the trial court's plenary power, the trial court has plenary power to modify its final judgment or order within 30 days of signing it, and the court loses jurisdiction to modify its judgment after the 30 days has run. TEX. R. CIV. P. 329b(d); *Martin v. Tex. Dep't of Family & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.). An exception to

10

this general rule is that the trial court can correct clerical errors by judgment nunc pro tunc even after it loses plenary power. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). The judgment nunc pro tunc may be entered at any time for this purpose. TEX. R. CIV. P. 316 & 329b(f); *Barton v. Gillespie*, 178 S.W.3d 121, 126 (Tex. App.—Houston [1st Dist.] 2005, no pet.). "A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered." *Barton*, 178 S.W.3d at 126. Rendition occurs when the trial court's decision is officially announced either by a signed memorandum filed with the clerk of the court or orally in open court. *Id.*

Unlike with clerical errors, the trial court cannot correct a judicial error after the expiration of plenary power by entering a judgment nunc pro tunc. *Escobar*, 711 S.W.2d at 231–32. A judicial error is one that arises from a mistake of law or fact that requires judicial reasoning to correct, and it occurs in the rendering, rather than the entering, of the judgment. *Barton*, 178 S.W.3d at 126. "Thus, even if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the incorrect rendition." *Escobar*, 711 S.W.2d at 232. Stated another way, "*if the judgment entered is the same as the judgment rendered,* regardless of whether the rendition was incorrect, a trial court has no nunc pro tunc power to correct or modify the entered judgment after its plenary jurisdiction expires." *Hernandez v. Lopez*, 288 S.W.3d 180, 187 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (op.

11

on rehearing).  "A judgment rendered to correct a judicial error after plenary power has expired is void."  *Id.* at 185 (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973)).

Whether an error in a judgment is clerical or judicial is a question of law. *Escobar*, 711 S.W.2d at 232.  In order to make a nunc pro tunc correction or modification of a judgment, the evidence must be clear and convincing that a clerical error was made, that is, that the entered judgment differs from the judgment actually rendered.  *See Barton*, 178 S.W.3d at 127; *see also America's Favorite Chicken v. Galvan*, 897 S.W.2d 874, 877 (Tex. App.—San Antonio 1995, writ denied) ("In order to issue a judgment nunc pro tunc, there *must* be some evidence that the judgment the trial judge actually rendered is not correctly represented in the judgment she signed and entered of record.").  Evidence of the judgment actually rendered may derive from oral testimony of witnesses, written documents, previous judgments, docket entries, or the trial judge's personal recollection.  *Barton*, 178 S.W.3d at 127.

When someone other than the trial court prepares a proposed written order or judgment that reflects a mistake, and the trial court, without having already rendered judgment, signs the proposed order or judgment, the mistake becomes part of the court's judgment as actually rendered and it is therefore a judicial error rather than a clerical error.  *See, e.g.*, *Daredia*, 317 S.W.3d at 250.  The foregoing

12

rule is illustrated by *Hernandez v. Lopez*, 288 S.W.3d 180 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In that case, a child-support enforcement hearing was held before a master. *Hernandez*, 288 S.W.3d at 182. The mother, the father, and the Office of the Attorney General of Texas signed an agreed order reflecting a mistake, specifically, a finding that the father was in arrears in the amount of $51,000.00 as of December 31, 2004, a date eleven months in the future from the time when the agreed order was signed. *Id.* The trial court then signed the agreed order. *Id.* There was no record of any hearing at the time the trial court signed it. *Id.*

Two years later, the Office of the Attorney General moved for judgment nunc pro tunc, alleging that the date reflected in the agreed order should have read December 31, 2003. *Id.* at 182–83. The trial court granted the motion and entered judgment nunc pro tunc. *Id.* at 183. On appeal, this court stated:

> The terms of the Agreed Order were set forth by the parties, and the Agreed Order states that the master submitted "the proposed" Agreed Order to the trial court and recommended its approval. On January 27, 2004, when the trial court signed the Agreed Order adopting the master's recommendation as the order of the court, rendition of the judgment occurred. The error at issue herein, if any, occurred in the rendering of the judgment.

*Id.* at 185–86 (emphasis, footnote, and citations omitted). Finding no evidence in the record that the trial court actually rendered judgment before signing the agreed order, this court vacated the judgment nunc pro tunc. *Id.* at 187–88.

13

This case is similar to *Hernandez*. AISD's petition described the rights of way on the property as "ALL RIGHTS OF WAYS WITHIN SUCH FIFTY (50) ACRES," without greater detail. The master's report recommended that "judgment" should be granted in the case, without specifying what that judgment should be. The trial court signed an agreed proposed judgment, describing the rights of way only as "ALL RIGHTS OF WAYS WITHIN SUCH FIFTY (50) ACRES." Counsel for all parties signed the agreed judgment beneath the words "agreed as to substance and form."

There is no indication in the record that the trial court actually rendered, orally or otherwise, a judgment different from the one it signed and entered. Accordingly, we hold that the evidence is not clear and convincing that the judgment reflects a clerical error. *See Barton*, 178 S.W.3d at 127; *cf. Hernandez*, 288 S.W.3d at 187 ("[T]here is no evidence in the record that the trial court intended to do anything other than grant the motion exactly as the parties requested, and there is no evidence in the record before us with regard to any prior rendition of judgment."). The fact that the agreed judgment fails to more particularly describe the metes and bounds of the rights of way does not, by itself, suffice to show that the alleged error is clerical rather than judicial. *Cf. Hernandez*, 288 S.W.3d at 187 ("[I]t is of no consequence which date [the mother] may have intended in the Agreed Order that she signed or whether this Court can agree that

14

the date that [the mother] now asserts is, as a matter of logic, the date everyone . . .

*must* have intended.").

## Conclusion

Having failed to present clear and convincing evidence that the alleged error in the agreed judgment was clerical rather than judicial, D & KW has not demonstrated that the trial court clearly abused its discretion in denying its motion for entry of judgment nunc pro tunc. Accordingly, we deny the petition for writ of mandamus.

Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Brown.