Opinion issued July 26, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00693-CV

————————————

**BODY SHOP AUTO STORAGE, Appellant**

**V.**

**SANTANDER CONSUMER USA, INC., Appellee**

---

**On Appeal from County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1088433**

---

## MEMORANDUM OPINION

Appellant Body Shop Auto Storage ("BSAS") appeals the trial court's judgment rendered in favor of appellee Santander Consumer USA, Inc. ("Santander") on its claims against BSAS for conversion and seeking foreclosure of its security interest and issuance of a writ of sequestration. In three issues, BSAS

contends that the trial court erred in (1) issuing an order for writ of sequestration; (2) failing to consider BSAS's request for attorney's fees in its original answer as a counterclaim; and (3) failing to consider BSAS's counterclaim without payment of the statutory filing fee. We affirm.

## Background

On September 13, 2013, Deborah Shorten purchased a 2012 Ford Fusion and executed a Motor Vehicle Retail Installment Sales Contract, payable to Santander, the lienholder, in the amount of $22,459.87. On July 20, 2016, following a police accident tow, the vehicle was checked into and stored at BSAS. Shorten thereafter failed to make the payments required under the sales contract.

On January 24, 2017, Santander filed suit against Shorten, BSAS, and Texas Department of Motor Vehicles, alleging conversion against BSAS and seeking foreclosure of its security interest and issuance of a writ of sequestration. On January 31, 2017, BSAS filed an answer. On February 2, 2017, the trial court signed an order for writ of sequestration. On March 10, 2017, Santander filed its bond for sequestration and replevy of personal property.

On August 14, 2017, Santander filed a notice of nonsuit. On August 17, 2017, BSAS filed a counterclaim against Santander. On August 21, 2017, the trial court signed an order of nonsuit. This appeal followed.

2

## Discussion

In its first issue, BSAS contends that the trial court erred in issuing an order for writ of sequestration. Specifically, BSAS argues that "[t]he condition of the bond which Appellee gave to procure issuance of the writ of sequestration was that Appellee would prosecute its suit to effect . . . ." Thus, BSAS argues, Santander's nonsuit of the case after it took possession of the vehicle constitutes a wrongful sequestration.

Santander's bond for sequestration and replevy of personal property states, in relevant part:

> THE CONDITION OF THIS BOND is that **if** the principal [Santander] prosecutes its suit to effect and pays to the extent of the penal amount of the bond all damages and costs as may be adjudged against it for wrongfully suing out such writ of sequestration, then this bond is void, otherwise it remains in force [emphasis added].

Contrary to BSAS's argument, the conditional "if" demonstrates that Santander was not required under the bond to "prosecute its suit to full effect."

Moreover, sections 62.023 and 62.041 of the Texas Civil Practice and Remedies Code provide that a person has a right to regain possession of property by filing a replevy bond as well as a right to seek to regain possession of property by filing a motion to dissolve the writ of sequestration with the court. TEX. CIV. PRAC. & REM. CODE ANN. §§ 62.023, 62.041 (West 2008). The trial court signed an order for writ of sequestration on February 2, 2017. Santander subsequently sequestered

3

the vehicle. The record reflects that BSAS filed neither a replevy bond nor a motion to dissolve the writ of sequestration. Further, Santander's bond for sequestration and replevy of personal property stated that "[t]his bond is further conditioned that in the event Defendant fails to replevy the property sequestered within 10 days of the levy of the writ of Sequestration . . . Plaintiff will have the sequestered property . . . ." Accordingly, we overrule BSAS's first issue.

In its second issue, BSAS contends that the trial court erred in issuing an order for writ of sequestration because its "claim for attorney's fees and cost in [its] original answer under the Prayer heading is to be considered as a counterclaim."

Rule of Civil Procedure 162 provides

> At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit . . . .
> Any dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief.

TEX. R. CIV. P. 162. Thus, "plaintiffs may nonsuit at any time before introducing all of their evidence other than rebuttal evidence." *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). "The plaintiff's right to take a nonsuit is unqualified and absolute as long as the defendant has not made a claim for affirmative relief." *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990) (emphasis omitted).

"A claim for affirmative relief must allege a cause of action, independent of the plaintiff's claim, on which the claimant could recover compensation or relief,

even if the plaintiff abandons or is unable to establish his cause of action." *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 101 (Tex. 2006). "If a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit." *Gen. Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990). Thus, a claim for attorney's fees based solely on defending against the other party's claims is not a request for affirmative relief, but if the fees claim is based on an independent ground or sanction, it is a request for affirmative relief. *See Villafani v. Trejo*, 251 S.W.3d 466, 470 (Tex. 2008).

At the time Santander nonsuited its claims, BSAS's only live pleading was its original answer. In its answer, BSAS asserted a general denial and several affirmative defenses and requested attorney's fees in its prayer. *See Grant v. Hope Vill. Apartments*, No. 09-09-00527-CV, 2010 WL 4262001, at \*3 (Tex. App.—Beaumont Oct. 28, 2010, pet. denied) (mem. op.) ("Generally, matters of avoidance, not affirmative claims, are found in defendant's answer."). Texas law does not allow recovery of attorney's fees unless authorized by statute or by contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Although BSAS's answer requested attorney's fees, the pleading did not state a statutory or contractual basis for the attorney's fees request. *See Polansky v. Berenji*, 393 S.W.3d 362, 368–69 (Tex. App.—Austin 2012, no pet.) (concluding that defendants' request for attorney's fees was not based on independent ground or sanction where defendants

5

requested attorney's fees in prayer of answer and in conclusion of summary judgment motion but neither pleading stated statutory or contractual basis for attorney's fees request); *Grant*, 2010 WL 4262001, at *3 ("A request for attorney's fees in the defendant's answer, not made in connection with an affirmative claim alleging that the opposing party has independently committed a breach of the party's contract, does not constitute a claim for affirmative relief."); *Leon Springs Gas Co. v. Rest. Equip. Leasing Co.*, 961 S.W.2d 574, 578 (Tex. App.—San Antonio 1997, no pet.) (explaining request for attorney's fees is not affirmative claim where it is based solely on defense against other party's claims but is affirmative claim where it is based on independent ground or as sanction). Because BSAS's request for attorney's fees and costs in its answer was not based on an independent ground or sanction, it does not constitute a counterclaim for affirmative relief. We overrule BSAS's second issue.

In its third issue, BSAS argues that the trial court abused its discretion "in not considering [BSAS]'s counterclaims without payment of the statutory filing fee." Santander filed Plaintiff's Notice of Nonsuit on August 14, 2017. On August 17, 2017—three days after Santander's filed its notice of nonsuit—BSAS filed its Original Counterclaim.

A "nonsuit extinguishes a case or controversy from 'the moment the motion is filed.'" *Univ. of Tex. Med. Branch*, 195 S.W.3d at 100 (quoting *Shadowbrook*

*Apartments v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990)). "While the date on which the trial court signs an order dismissing the suit is the 'starting point for determining when a trial court's plenary power expires,' a nonsuit is effective when it is filed." *Id.* (quoting *In re Bennett*, 960 S.W.2d 35, 38 (Tex. 1997)). "Granting a nonsuit is a ministerial act, and a plaintiff's right to a nonsuit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, sought affirmative relief." *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 324–25 (Tex. 2009).

Here, BSAS had made no claim for affirmative relief when Santander nonsuited its case. BSAS's original counterclaim, filed after Santander's nonsuit, did not affect the nonsuit. *See Univ. of Tex. Med. Branch*, 195 S.W.3d at 100 (stating nonsuit extinguishes case or controversy from moment motion is filed); *Langdon v. Gilbert*, No. 03-15-00305-CV, 2016 WL 858905, at *2 (Tex. App.—Austin Mar. 4, 2016, no pet.) (mem. op.) (concluding defendant had made no claim for affirmative relief in underlying lawsuit when plaintiff nonsuited and consequently trial court had no discretion to deny plaintiff's nonsuit). Accordingly, we overrule BSAS's third issue.

## Conclusion

We affirm the trial court's judgment.

Russell Lloyd
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.